IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY LOGUE,<br><br>                    Plaintiff,<br><br>v.<br><br>BROOK J. SESSIONS et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:19-CV-755-TC<br><br>District Judge Tena Campbell |

Plaintiff, Danny Logue, an inmate at Utah State Prison, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2020), proceeding *in forma pauperis*, 28 *id.* § 1915. His Complaint, (ECF No. 4), is now before the Court for screening, 28 U.S.C.S. § 1915A (2020).

## SCREENING ANALYSIS

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Complaint alleges what appear to be claims of ineffective assistance of counsel, though he cloaks them as claims under the Eighth and Fourteenth Amendments and Americans with Disabilities and Rehabilitation Acts. (ECF No. 4.) These are brought against Defendants Sessions, Williams, and Bullen, his court-appointed defense attorneys in his state criminal case. (*Id.*)

Meanwhile, Plaintiff's motion for leave to file an amended complaint seeks to add as defendants prosecutors Larson and Leavitt and Judge Pullan, all stationed in Utah County. (ECF No. 13.) He does not specify any claims against them. (*Id.*)

### C. Improper Defendants

#### 1. State Actor Requirement

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

The Complaint names Defendants Bullen, Sessions, and Williams based on their roles as Plaintiff's defense counsel. Because they were court-appointed attorneys, the following rule

applies: "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)). Thus, Plaintiff's claims against Defendants Bullen, Sessions, and Williams may not proceed further here.

### 2. Affirmative Link and Immunity

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff does not identify behavior by potential defendants Larson, Leavitt and Pullan that links them with a violation of his constitutional rights.

Alternatively, as to potential defendant Pullan, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435

3

U.S. 349, 356-57 (1978)). In this case, assuming the judge was acting in his judicial capacity, his actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

And alternatively, as to potential defendants Larson and Leavitt, prosecutors acting within the scope of their duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Assuming their actions relate to advocacy before the court, these potential defendants are entitled to absolute prosecutorial immunity from this lawsuit.

On these grounds, Plaintiff's motion to amend his complaint to include these defendants is denied.

### D. *Heck*

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 48.

Plaintiff argues that Defendants violated his constitutional rights during state criminal proceedings. These arguments appear to attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide

whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it apparently would. If this Court were to conclude that Plaintiff's constitutional right to effective assistance of counsel was violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

This complaint therefore "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened. On this alternative basis also, the Court must thus dismiss Plaintiff's complaint.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2020), for failure to state a claim on which relief may be granted. Neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result. Thus, Plaintiff's motion for leave to amend is also **DENIED**. (ECF No. 13.)

DATED this 6th day of January, 2021.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge